JOHN LYNCH, Appellant, *v.* THE VILLAGE OF NEW ROCHELLE,
Respondent.

*Damages for personal injuries — contributory negligence as a matter of law.*

It cannot be held to be negligence, as a matter of law, for a person driving a
buggy to attempt to cross a railroad track in a diagonal direction instead of at
right angles, and whether it is or is not negligence is a question of fact for
the jury to determine, nor is the fact that the driver of the buggy sat on the
left side thereof necessarily evidence of negligence.

APPEAL by the plaintiff, John Lynch, from a judgment of the
Supreme Court in favor of the defendant, entered in the office of
the clerk of the county of Westchester on the 18th day of Decem-
ber, 1893, upon the dismissal of the complaint after a trial at the
Westchester Circuit before the court and a jury.

*Isaac N. Mills,* for the appellant.

*Calvin Frost,* for the respondent.

BROWN, P. J. :

This action was brought to recover for personal injuries received
in being thrown from a wagon while driving in the defendant vil-
lage, and which were alleged to be due to a defective highway.

The complaint was dismissed on the ground of the plaintiff's
negligence.

The condition of the highway was not contested, and there was
ample evidence from which the jury might have found that its
defective condition was due to the defendant's neglect.

I am of the opinion that the case was, in all its aspects, one for
the jury, and that the court erred in dismissing the complaint.

The accident occurred on Washington street. There was a rail-
road track through the street, and upon the north side for 100 feet
from Webster avenue there was a covered drain having its eastern
end open for the water to enter it. The road descended toward the
mouth of this drain, and near to it the water which flowed down
the street in large quantities had washed out a large part of the
street between the track and the north sidewalk, making a deep
hole. The plaintiff was in a one-horse buggy in company with a

lady, who was driving. They were upon the north side of the street until they reached a point near the washout, when they attempted to cross the track in a diagonal direction. The left front wheel slid along the track and the wagon went into the hole, upsetting it and throwing the plaintiff and his companion out, and inflicting injuries which were the subject of this action.

The horse, at the time of the accident, was upon a walk, and I fail to see how, under the circumstances, any lack of care is imputable to the driver. There is nothing to indicate that she was not a competent person. The plaintiff said she had horses of her own and was accustomed to and knew how to drive. The fact that she sat upon the left-hand side opposite to the hole is not necessarily evidence of negligence. Under a rule requiring travelers meeting on a highway to turn to the right that is regarded by many persons as the proper side for the driver to sit upon.

It cannot be held to have been negligence in law to have attempted to cross the track in a diagonal direction instead of at right angles. That was a question of fact which the jury should have been permitted to pass upon.

The judgment should be reversed and a new trial granted, with costs to abide the event.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide the event.